IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE GORDON,

    Plaintiff,

vs.                                                     Civ. No. 16-942 KG/SCY

ALVARADO TRANSIT SERVICES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court *sua sponte*. On September 21, 2016, the Court received, as undeliverable, its Notice of Judge Reassignment (Doc. 12) and Notice Regarding Docket Entries (Doc. 13), which the Court had mailed to *pro se* Plaintiff's last known address. (Doc. 15). Local Rule 83.6 states that *pro se* parties "have a continuing duty to notify the Clerk, in writing, of any change in their … mailing addresses…."

The Court notes that a plaintiff's *pro se* status does not relieve him from complying with the Court's procedural requirements, including its local rules. *Barnes v. United States,* 173 Fed. Appx. 695, 697 (10th Cir. 2006) (citing *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994); *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992)). A failure to comply with the Court's local rules also indicates a lack of interest in litigating a case. *See, e.g., Bennett v. Vasquez*, 2013 WL 4077570, at *1 (N.D. Tex.) (failure to comply with local rules "demonstrates a manifest lack of interest in litigating his claims."). When a plaintiff does not comply with court rules and shows a lack of interest in litigating his claims, the Court has an inherent authority to dismiss the complaint *sua sponte* for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of

prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) (citation omitted) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."). *See also Thornton v. Estep,* 209 Fed. Appx. 755, 757 (10th Cir. 2006) (finding no abuse of discretion in court's dismissal of *pro se* inmate's action for failure to prosecute on grounds that inmate failed to keep court apprised of his current address). For these reasons, the Court finds it appropriate to dismiss Plaintiff's complaint without prejudice. If Plaintiff disagrees that his conduct warrants a dismissal of his lawsuit, he may file a motion to alter or amend judgment in accordance with the Federal Rules of Civil Procedure and the Local Rules.

IT IS, THEREFORE, ORDERED that this lawsuit will be dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE